WRIGHT, J.,
delivered the opinion of the Court.
This is an action of trespass, vi et armis for killing a mare, alleged to he the property of the plaintiff. *399 She "ivas raised on Ms premises,- and there is proof tending to show that she belonged to him, and that the defendant frequently requested him to keep her up, she being in the habit of getting into the defendant’s wheat-field. He shot and killed her.
On the other hand, there is proof tending to establish that this mare did not belong to the plaintiff, but to Mrs. Fowler.
She Ayas a witness for defendant, and proved that she and plaintiff were brother and sister, and lived together — their father living with them — until her marriage, in April, 1855, Ayhen she went away, and desired to take the mare with her, but the plaintiff would not permit her to do so. And it is to be inferred from the record that she left the mare in possession of the plaintiff, and never aftenvards exercised any further acts of ownership over her. The proof discloses none. It is further to .be inferred, from the evidence, that the plaintiff retained the possession and control' of this mare until she Avas killed.
Upon these facts, the defendant requested the Court to charge the jury, that if the plaintiff was not the OAvner of the mare, to enable him to recover, he mus^ shoAY the actual possession of her, which he could no^ do if she Avere running at large in the Avoods, and that less than three years adverse possession Ayould not give him a title as against Mrs. Fowler; and that even if he had the actual possession, .and the right of property Avas not in him, or Ayas in Mrs. Fowler, then he could only recover nominal damages, or not more Than the damage done him by defeating his possession, and could not recover the full value of the mare.
*400 These instructions the Circuit Judge refused to give; but charged the jury, that if the plaintiff and his sister lived together with their father for several years, and had raised the mare on the premises, and each of them claimed her until the marriage of Betsy, the sister, when she went home with her husband, leaving the mare in the possession of the plaintiff, and she remained in his possession and was claimed by him ever after the marriage until she was killed; and that, since her marriage, the sister had not claimed the mare by suing for her, or taking her in possession, or doing any act of ownership, then the plaintiff would he invested with such 'title as would authorize him to maintain a suit against a. trespasser having no claim to the property, and to recover the value of the mare at the time she was killed. But that if these facts did not exist, he could not recover. That a person who -has had a horse beast in possession for several years, claiming it, can maintain trespass against a person destroying the property while in the range, who has no claim to it.
The jury, under these instructions, rendered a verdict in favor of the plaintiff for ' the full value of the mare, and the defendant has appealed in error to this Court.
"We think the instructions to the jury were proper, and that the Circuit Judge did right in pronouncing judgment upon the verdict.
It is well-settled that an actual and exclusive possession by the plaintiff, even though it be by ivrong, is. sufficient to support this action against a mere stranger or wrong-doer, who has neither title to the possession in himself, nor authority from the legal owner. 2 Greenl. Ev., § 618. Therefore, if we were to canclude that *401 Mrs. Eowler was the owner of this mare, yet it is manifest the plaintiff had such a possession as enabled him to maintain the action; and, certainly, the evidence warranted the jury in so finding. The fact that the mare was in her usual range in the woods, or had gone to the defendant’s field in the neighborhood — if this be so — where he killed her, did not destroy the plaintiff'’s possession, especially when we consider she had been left with him by Mrs. Eowler-for so great a length of time.
As to the measure of damages, the reason given why a party having possession should maintain trespass is, that he may have sustained injury by being deprived of the goods; nor should his claim to damages be construed strictly. Ordinarily, he is either the owner, or answerable over to the owner; and, in either ease, he is entitled not only to damages for the taking, but also for the value of the goods. Squire v. Hallenbeck, 9 Pick., 551. This is the general rule. A defendant has been allowed to prove,' in mitigation of damages, that the goods did not belong to the plaintiff, and that they have gone to the use of the true owner, either by being restored to him in specie, "or taken upon legal process, in payment of his debts; for, in such case, the plaintiff is not answerable over. 9 Pick., 551; Sedgwick on the Measure of Damages, 548.
But Mr. Sedgwick thinks the principle of these decisions has been carried quite far enough, and that it is of importance to draw the line between good and bad faith; Where the party acts with pure motives, and endeavors, as soon as possible to repair his mistake, it may, says he, be very proper to construe his conduct favorably; but it will not do to permit acts of wilfu *402 or wanton trespass to be excused by the defence of outstanding titles in third persons. It would lead directly to that reckless interference -with the property of others, which- the law always sedulously seeks to prevent. This distinction, ,he maintains, is well laid down in a case in New York, where it was held, that where ' property tor-tiously taken by one person from the possession of another, is subsequently levied upon, whilst in the hands of the tortfeasor, by a third - person, under a warrant of distress for rent due by the owner, such last taking may he shown in mitigation of damages in an action by the owner against the tortfeasor, if the latter toolc the property under an honest belief that he had a title to it, and not for the purpose of subjecting it to the landlord’s warrant. Sedgwick, 548, 549.
Without stopping to consider of the validity of this distinction,' it is enough for' our purpose, that here the defendant is a mere wrong-doer, having no sort of claim upon the mare, and that he wantonly destroyed her; and that the plaintiff is either the owner, or had such possession as made him answerable over to the true owner.
In such a case, we have been unable to find any authority in support of the argument that the plaintiff shall not have full damages.
Judgment affirmed.